

SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D

DEC 2 1 2006

J. T. NOBLIN, CLERK
BY_____ DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHER DISTRICT OF MISSISSIPPI
## WESTERN DIVISION

**OLIVIA HARDEN**                                                    **PLAINTIFF**

**VERSUS**                          **CIVIL ACTION NO. 5:06CV158-DCB-JMR**

**FIELD MEMORIAL COMMUNITY HOSPITAL,**
**QUORUM HEALTH REASOUCES, LLC AND**
**OTHER UNAMED JOHN DOE DEFENDANTS**          **DEFENDANTS**

---

### PLAINTIFF'S MOTION TO REMAND

---

**COMES NOW,** Olivia Harden, Plaintiff, through undersigned counsel, and moves to remand the referenced matter to the Circuit Court of Wilkinson County, Mississippi, and respectfully submits that this Court lacks subject matter jurisdiction because the Defendants are <u>not</u> diverse in citizenship, and none of the Defendants were fraudulently joined; and in support thereof, Plaintiff would respectfully show unto the Court the following, to-wit:

1.

Plaintiff is an adult resident citizen of Wilkinson County, Mississippi, residing at 121 Glendale Drive, Woodville, MS 39669. Defendant Field Memorial Community Hospital [hereinafter "Field"] is a Mississippi community hospital situated in Wilkinson County, Mississippi, whose address is 270 West Main Street, Centerville MS 39631. Defendant Quorum Health Resources, LLC, is a Delaware corporation, whose principal place of business is 105 Continental Place Brentwood, TN 37027.

EXHIBIT "B"

2.

Plaintiff's Complaint was filed in this matter on August 18, 2006 against Field, and other unnamed John Doe Defendants. Plaintiff's cause of action arises out of the negligence of Registered Nurse Laverne Jackson's treatment of Plaintiff at the Field Emergency Room on June 24, 2005, alleging among other facts, that Nurse Jackson, and her employer, were negligent in the following respects, to-wit:

    a)    Failing to render the appropriate standard of care by failure by nursing and or other staff to properly assess Ms. Harden's condition, and by leaving Ms. Harden in her condition unattended and unmonitored for an inappropriate time period while sitting on a stretcher or gurney.

    b)    Failing to take the proper precautions to avoid a risk of fall from said stretcher or gurney by Ms. Harden considering the condition in which she presented to the Hospital emergency room, and considering her medical history.

    c)    Failing to place Ms. Harden on the stretcher or gurney in an appropriately inclined position with both side rails raised or pulled-up, and failing to properly monitor Ms. Harden, and provide Ms. Harden with, or inform Ms. Harden as to, appropriate means to call for assistance.

    d)    Failing to obtain necessary and timely medical treatment and consultation with a physician under the circumstances.

A copy of said Complaint was not attached to Quorum's Notice of Removal, but

2

is attached hereto as Exhibit "A".

3.

Plaintiff's Amended Complaint was filed on August 29, 2006, naming Quorum as a Defendant. The Amended Complaint was filed after Quorum was identified as a possible employer of Nurse Jackson or other health-care providers at Field, or having nursing management or supervision duties and responsibilities at Field, making Quorum a potential at fault party.

4.

Quorum served discovery upon counsel for Plaintiff on or about October 5, 2006, including Interrogatories, Documents Requests, and Requests for Admissions. On November 3, 2006, Plaintiff responded to Quorum's Requests for Admissions; and served a Motion for Additional Time upon Quorum to answer said Interrogatories and Documents Requests. Quorum's Requests for Admissions, among other things, requested that the Plaintiff admit that nursing and other health-care providers were not employees of Quorum. Plaintiff answered this requests that whether nursing and other health-care providers at Field were employees of Quorum had not been determined, because that information has not been available or ascertainable by Plaintiff.

5.

Plaintiff also served Interrogatories, Documents Requests, and Requests for Admissions upon Quorum and Field on October 30, 2006, seeking to determine the entity employing nursing and other health-care providers at Field, and Quorum's role under its

3

management agreement with Field.  Neither Quorum nor Field answered this discovery, as Quorum filed its Notice of Removal prior to that time.

6.

On November 21, 2006, Quorum filed its Notice of Removal to this Honorable Court; and Field joined in said Removal.  Quorum alleged in its Notice of Removal that the Defendant, Field, a Mississippi domiciliary, was fraudulently joined, because (1) the Notice of Claim filed by Plaintiff allegedly was "<u>facially</u>" deficient under the *Mississippi Tort Claims Act* [hereinafter "MTCA"],  (2) that no proper notice was given; and (3) that because of these alleged deficiencies, Plaintiff's suit against Field was untimely and should be dismissed; and finally (4) that without Field, there would be diversity of citizenship; and thus federal jurisdiction.  In support of this contention, Quorum erred in relying upon *South Central Regional Medical Center v. Guppy*, 930 So. 2d 1252  (Miss. 2006), which is factually and legally distinguishable from the instant case.

7.

As this Honorable Court is well aware, and as more fully discussed in Plaintiff's Memorandum of Law, the question of whether Filed was joined solely to defeat diversity jurisdiction should be the Court's primary focus in determining whether Filed was fraudulently named as a party in this matter.  Certainly, Plaintiff did not name Field solely to defeat diversity.  Field was sued because Ms. Harden was injured while under Field's care; and Plaintiff setout facts in her Complaint and Amended Complaint upon which Field may be held liable in this matter.  In short, Field is central to this suit; was the primary, original Defendant; and, as such, cannot have been fraudulently joined, as long as there is a reasonable possibility of recovery against it.

8.

Regarding Quorum's allegation that Plaintiff is not entitled to maintain her cause of action against Field, Quorum's counsel misrepresents the present state of Mississippi case law to this Honorable Court. The issue is not whether the Notice of Claim "facially" meets the notice requirement under *Miss Code Ann.* Section 11-46-11, but whether the notice substantially complied with the statute. This issue is a mixed question of law and fact; and is a fact-sensitive determination. In that regard, the notice requirement under the statute is satisfied, where the notice substantially complies with the statute's content requirements by informing the potential defendant of sufficient information that reasonably affords it an opportunity to promptly investigate the claim. *Reaves ex rel. Rouse v. Randal*, 792 So. 2d 1237 (Miss. 1998); *Carr v. Town of Shubuta*, 733 So. 2d 261 (Miss. 1999); *Lattimore v. City of Laurel*, 735 So. 2d 400 (Miss. 1999). Further, the Mississippi Supreme Court has applied this rule in a hospital liability case in which the notice given to the hospital was similar to the Notice of Claim given to Field in this case. *Thornburg v. Magnolia Regional Health Center*, 741 So. 2d 220 (Miss. 1999). The Mississippi Supreme Court and Court of Appeals continues to follow these case precedents; and continues to hold that Summary Dismissal is in proper when questions of fact exist as to whether the notice given substantially complies with the statute; and thus, there is a reasonable possibility of recovery against the defendant. *Id*.

9.

a. Notice of claim must be given to government hospitals within one year of the tortuous act. *Miss. Code Ann.* §11-46-11. The MTCA gives seven requirements for a

notice of claim. *Id.* A notice of claims must be in writing, delivered in person or by registered or certified US mail, contain a short plain statement of the facts, including the circumstances of injury and extent of injury, include the time and place the injury occurred, include the names of all persons involved, state amount of damages, and give the address of the residence of the person making the claim and time of filing notice. *Id.*

b.   In this case, Plaintiff's lead attorneys are Attorney Charles Moore and Patrick Broyles, a Louisiana attorney, whose office address is 6513 Perkins Road, Baton Rouge, LA  70808.  Mr. Moore, with Plaintiff's approval, associated local counsel, Albert Bozeman White, a Mississippi attorney, whose office address is 204 Key Drive, Suite A, Madison, MS  39110.  Mr. White will requests that Patrick Broyles be admitted *pro hac vice* in this matter in the near future.

c.   The first notice sent by the Plaintiff's counsel, Charles Moore, to Field Community Hospital is dated January 19, 2006. (A copy of this letter is attached hereto as Exhibit "B".)  Subsequent correspondence occurred between Field's insured, AIG, and Plaintiff's Attorney Charles Moore, on February 17, 2006, May 26, 2006, and June 5, 2006. (A copy of these letters are attached hereto as Exhibits "C", "D" and "E".) Regarding the January 19, 2006 first Notice of Claim letter, out of the elements required, three arguably were missing, *i.e.* (1) the address of the plaintiff, (2) the notice was not sent by certified or registered mail and (3) the amount of damages was not listed specifically.

d.   The jurisprudence, as stated above, demands substantial compliance with the MTCA, not strict compliance.  As such, these deficiencies will not interfere with the compliance of the statute.  Further, as evidence by the letters from a representative of

6

Field's insurer, AIG, and Mr. Moore's letters to AIG, Field clearly had enough information to be given the opportunity to perform an investigation; and did perform an investigation, such that it is apparent that substantial compliance has occurred.

e.   The address of the Plaintiff is not required in order to substantially comply with the MTCA. *Thornburg, supra* . Also, the mail requirement, by certified or registered mail, is not essential to substantial compliance with the MTCA, as long as the Defendant Field was not prejudiced.  As long as the notice provides enough information for the defendant to perform an investigation of the matter, the Defendant has been put on notice. *Thornburg,* 741 So. 2d 220; *McNair v. University of Mississippi Medical.* 742 So. 2d 1078 (Miss.1999).

f.   As to the money damage requirement, Charles Moore's letter of January 19, 2006 generally sets out her injuries, which certainly again gives Field a reasonable opportunity to investigate valuation of this case.  Mr. Moore's letter of May 26, 2006 also attached a copy of a letter from Dr. Charles G. Hornsby, D.D.S., which discusses the elements of Plaintiff's damages.  Further, Mr. Moore's letter of June 5, 2006 requested payment of dentures in the amount of $2,400.00.  Further, Plaintiff was hospitalized at Field on the day of the fall, June 24, 2005, until June 29, 2005, such that Field was in possession of all of the medical records reflecting her injuries from the fall and diagnosis. Further, all of Plaintiff's injuries, diagnosis, and prognosis resulting from the fall were, and are, being investigated and determined, such that Plaintiff's counsel still has been unable to fully evaluate her damages, and arrive at a money damage amount. Nevertheless, Field was timely apprised of sufficient information to perform an investigation of money damages, such that Plaintiff has complied in all respects with the

7

notice provisions of the *MTCA*. Certainly resolving any doubt in favor of Plaintiff, as the Court is required to do in determining the appropriateness of Quorum's Removal, there is a reasonable possibility that Plaintiff complied with the notice provisions, such that there is also a reasonable expectation that Plaintiff may recover in this case, and such that this Honorable Court should determine that Field was not fraudulently joined in this matter.

10.

For reasons more fully discussed in Plaintiff's supporting Memorandum of Law, the joinder of Field is not fraudulent, as proper notice was given within the statutorial limitations. Thus, diversity is destroyed; and this Honorable Court should remand this case to the Circuit Court of Wilkinson County, Mississippi.

11.

Further, Quorum has failed to meet the procedural requirements for filing this Notice of Removal. Counsel for Quorum alleges that the Notice of Removal was timely filed, in that it was allegedly filed within thirty days of his receipt of papers from which it could be ascertained that the case is one that is removable. However, as of the service of Field's Answer to Quorum on September 27, 2006, in which Field affirmatively pled that the notice provisions of the MTCA were not met, in all likelihood counsel for Quorum was in possession of sufficient facts to apprise him that this case may be removable under the theory purposed in his Notice of Removal filed in this matter.


WHEREFORE, PREMISES CONSIDERED, Olivia Harden, requests that this Honorable Court should remand this case to the Circuit Court of Wilkinson County, Mississippi.

RESPECTFULLY SUBMITTED this the 21st day of December, 2006.

OLIVIA HARDEN, PLAINTIFF

BY _____
ALBERT BOZEMAN WHITE

ATTORNEY FOR PLAINTIFF:

ALBERT BOZEMAN WHITE
MISSISSIPPI BAR NO. 7132
204 KEY DRIVE, SUITE A,
MADISON, MS 39110

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing, along with supporting

memorandum and exhibits, has been mailed this day via First-Class Mail, postage prepaid

to the following counsel of record:

William W. McKinley, Jr., Esq.
CURRIE JOHNSON GRIFFIN GAINES & MYERS, P.A.
P. O. Box 750
Jackson, MS 39205-0750

H. Wesley Williams, III, Esq.
Bridgette Thomas, Esq.
MARKOW WALKER LAW FIRM
P. O. Box 13669
Jackson, MS 39236-3669

This the 21st December, 2006.

_____
ALBERT BOZEMAN WHITE

06-303/Motion to Remand

# IN THE CIRCUIT COURT OF WILKINSON COUNTY, MISSISSIPPI

OLIVIA HARDEN  PLAINTIFF

**VERSUS**      CIVIL ACTION NO. 06 - 0079

FIELD MEMORIAL COMMUNITY HOSPITAL
AND OTHER UNNAMED JOHN DOE DEFENDANTS     **DEFENDANTS**

---

## COMPLAINT

---

COME NOW the Plaintiff, Olivia Harden, through undersigned counsel, and files this her Complaint against Defendant, Field Memorial Community Hospital [hereinafter also "Hospital"], and other unnamed John Doe Defendants, and would respectfully show unto the Court as follows, to-wit:

## I. INTRODUCTION

This is a Complaint based upon medical malpractice, negligence, and violation of medical policy and procedure, brought by Olivia Harden , against Field Memorial Community Hospital.

## II. PARTIES

1.     The Plaintiff, Olivia Harden, is an adult resident citizens of Wilkinson County, Mississippi, whose mailing address is P. O. Box 594, Woodville, MS 39669.

Exhibit "A" comprising 8 pages

2.      Defendant, Field Memorial Community Hospital, is a community hospital authorized to do, and doing, business in Wilkinson County, Mississippi, at 270 West Main Street, Centerville, Mississippi 39631. Pursuant to Rule 4(d)(6) of the M.R.C.P., Defendant may be served with process by delivering a copy of the Summons and this Complaint to the president or clerk of the Wilkinson County Board of Supervisors. A copy of the Summons and Complaint is also being served upon the Hospital Administrator for Field Memorial Community Hospital.

5.      Defendant, Field Memorial Community Hospital, is liable and responsible for its own independent fault and for all the actions, omissions and negligence of its agents, servants, representatives and employees.

6.      Defendant is a hospital catering to the general public and particularly the Plaintiff, Olivia Harden, purporting to offer skilled medical treatment, room and board, emergency treatment, laboratory and technical services, together with surgery.

## III. JURISDICTION AND VENUE

7.      This Court has jurisdiction of this matter pursuant to Mississippi Code Annotated Sec. 9-7-81 (1972, as amended), and the amount in controversy exceeds Two Hundred Dollars ($200.00), exclusive of interest and cost.

8.      Venue is proper in Wilkinson County, Mississippi, pursuant to Mississippi Code Annotated Sec. 11-11-3 (1972, as amended).

9.      Defendant is a believed to be a county owned and operated community hospital, and would be the "county" as defined in Mississippi Code Annotated Sec.11-46-1 (j) (1972, as amended). Pursuant to Mississippi Code Annotated Sec.11-46-11(1) (2002, as amended) notice of

this claim was given to the chief executive officer, being the Hospital Administrator, of the Defendant ninety days prior to the filing of this matter. Further, this civil action is being filed pursuant to <u>Mississippi Code Annotated</u>, Sec. 11-46-11(3).

## IV. <u>FACTS</u>

10.     On June 24, 2005, Plaintiff, Olivia Harden, a 63 year old 5' 2" tall and 290+ lbs African-American lady, was taken to the Field Memorial Community Hospital emergency room by a driver, because she had "blanked out" or "blacked out" while being transported for physical therapy treatment. At that time, Ms. Harden presented to the Hospital emergency room complaining of feeling weak, dizziness and vomiting. A nurses assessment was made; and it was noted that Ms. Harden had a past history of diabetes, anemia, hypertension and congestive heart failure.

11.     At that time, Nurse Laverne Jackson, RN, sat Ms. Harden up on the side of a stretcher or gurney leaning against one pulled-up railing. After sitting Ms. Harden on the stretcher or gurney, Ms. Harden was left unattended for some time. While unattended Ms. Harden had a syncopal episode, passed out, fell to the floor, and in so doing, struck the left side of her face on a blood pressure stand, and the floor.

12.     Ms. Harden was subsequently admitted to Hospital on June 24, 2005, evaluated and treated for injuries sustained in said fall, including but not limited to a fractured nose, fractured jaw, lacerations to her face and gums, broken dentures, and contusions to her face and other parts of her body. These injuries were directly and proximately related and resulted from said fall, and the medical malpractice and negligent acts and omissions of the Defendant Hospital, and its employees, as more particularly set out herein below. Ms Harden was discharged by the Hospital on June 29,

2005.

# V. STATEMENT OF CLAIM

## COUNT I

13.     Plaintiff adopts and incorporates herein by reference the aforesaid paragraphs numbered one (1) through twelve (12).

14.     At all times pertinent hereto, Defendant, Field Memorial Community Hospital, operated an emergency room providing medical treatment and services to the general public, particularly Plaintiff, Olivia Harden.  In order to provide medical treatment and services, Defendant employed nurses and other personnel, at least one of whom has been referred to in this Complaint; and thereby, Defendant is liable to Plaintiff for any misconduct or negligence of said employee(s) based upon *respondent superior*.

15.     The nurses and other personnel of Defendant had a duty to follow the policies, standards, procedures and protocols of Defendant Hospital, or otherwise to which said Hospital should be required to comply, as they related to the care of Ms. Harden, particularly as it regarded the treatment of Ms. Harden, and a risk of fall to Ms. Harden from said stretcher or gurney under the particular circumstances, and condition of Ms. Harden.

16.     In particular, Defendant Hospital through its nurses and other personnel failed to render the appropriate degree of care and treatment of Ms. Harden under the circumstances; and breached the applicable medical, nursing and hospital standards of care owed to Ms. Harden.  Said medical malpractice, failure, carelessness, negligence, omissions, and breaches of duties, include, but should not necessarily be limited to, the following, to-wit:

Page -4-

    a)      Failing to render the appropriate standard of care by failure by nursing and or other staff to properly assess Ms. Harden's condition, and by leaving Ms. Harden in her condition unattended and unmonitored for an inappropriate time period while sitting on a stretcher or gurney.

    b)      Failing to take the proper precautions to avoid a risk of fall from said stretcher or gurney by Ms. Harden considering the condition in which she presented to the Hospital emergency room, and considering her medical history.

    c)      Failing to place Ms. Harden on the stretcher or gurney in an appropriately inclined position with both side rails raised or pulled-up, and failing to properly monitor Ms. Harden, and provide Ms. Harden with, or inform Ms. Harden as to, appropriate means to call for assistance.

    d)      Failing to obtain necessary and timely medical treatment and consultation with a physician under the circumstances.

17.      As a result of the aforesaid acts of negligence, Defendant, and its employees, proximately caused, or proximately contributed, to Ms. Harden's injuries and damages, and is thereby liable to Ms. Harden based on *respondent superior*.

## COUNT II

18.      Plaintiffs adopt and incorporate herein by reference the aforesaid paragraphs numbered (1) through seventeen (17).

19.      At all times pertinent hereto, Defendant, Field Memorial Community Hospital, is

liable to Plaintiff for its independent acts of negligence, having non-delegable duties to Plaintiff to exercise reasonable care in selecting, placing, employing, supervising and training the employees in its facility responsible for the care of Ms. Harden.

20.     At all times pertinent hereto, Defendant had the non-delegable duty to provide its personnel with appropriate procedures, standards and protocols for the treatment and care of the patients in its facility and emergency room, particularly Olivia Harden.

21.     Defendant was negligent by violating the applicable duty of care, and its own policies and procedures for the operation of Hospital, but for without such negligence, Ms. Harden would not have sustained the damages described in this Complaint.


## COUNT III

22.     Plaintiff adopts and incorporates herein by reference the aforesaid paragraphs numbered one (1) through twenty-one (21).

23.     At all times pertinent hereto, Defendant's, nurses and employees had a duty to render the appropriate standard of nursing care to plaintiff, Olivia Harden.

24.     Based upon the facts set out herein above, Defendant's nurse employee, Laverne Jackson, RN, breached her duty to render the appropriate standard of nursing care to Plaintiff, Olivia Harden, and caused the damages to plaintiff, Olivia Harden, as set out herein below.

25.     Based upon the failure of Laverne Jackson, RN, to render the appropriate nursing care under the circumstances, and breach of the applicable standard of care, the Defendant, Field Memorial Community Hospital, is liable to Plaintiff, Olivia Harden, based upon on *respondent superior*.

## VI. **DAMAGES**

26.    As a direct and proximate result of one or more of the aforementioned breaches, violations, and acts or omissions of negligence on the part of Defendant, the Plaintiff, Olivia Harden, has been caused to suffer the following damages:

  a)    Past, present and future pain and suffering, and loss of enjoyment of life, both physical and mental;

  b)    Physical and mental injuries;

  c)    Having to undergo hospitalization and medical treatment for injuries sustained in the fall described herein above;

  d)    Past, present and future disability;

  e)    Past, present and future depression and psychological damage;

  f)    Past, present and future disfigurement resulting from scars to her face;

  g)    Past, present and future medical specials and expenses, and cost of treatment;

  h)    All other damages allowed by the law of Mississippi.

27.    The sole or contributing cause of the aforesaid damages and injuries to Ms. Harden are one or more of the aforementioned acts of medical malpractice, violations of medical policy and protocols, breaches, acts, omissions, and negligence of Defendant.


## VII. **DEMAND FOR RELIEF**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Olivia Harden, files this her Complaint against Defendant, Field Memorial Community Hospital, and other unnamed John Doe

Defendants, and demands Judgment against the Defendant for actual and compensatory damages within the jurisdictional limits of this Court to be set by a jury in accordance with <u>Mississippi Code Annotated</u> Sec. 11-1-59, as amended, plus interest, costs, and such other relief to which Plaintiff is entitled.

This the _18th_ day of <u>August</u>, 2006.

Respectfully Submitted

OLIVIA HARDEN

BY: _____
Albert Bozeman White, Ms. Bar Roll #7132
Attorney at Law for Plaintiff
204 Key Drive, Suite A
Madison, Mississippi 39110
Telephone: (601) 856-5731
Facsimile: (601) 853-3561

## CERTIFICATE OF CONSULTATION

I, Albert Bozeman White, attorney for the plaintiff in the above styled and referenced matter, do hereby certify that I have reviewed the facts of this case and have consulted with at least one (1) expert qualified, pursuant to the <u>Mississippi Rules of Civil Procedure</u> and the <u>Mississippi Rules of Evidence</u>, who is qualified to give expert testimony as to standard of care or negligence, and who I reasonably believe is knowledgeable in the relevant issues involved in this particular action. I have concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of this action.

_____
Albert Bozeman White

06-303/Harden Complaint.001



MOORE, WALTERS, THOMPSON,
THOMAS, PAPILLION & CULLENS
A PROFESSIONAL LAW CORPORATION

6513 Perkins Road • Baton Rouge, Louisiana 70808
phone 225/766-1100 • fax 225/767-4486
www.mwtlaw.net • email: firm@mwtlaw.net

Charles R. Moore*
Edward J. Walters, Jr *
Steven C. Thompson
David Abboud Thomas
Darrel J. Papillion
J E. Cullens, Jr
S. Layne Lee
Patrick N. Broyles

Charles R. Davoli
Michelle M. Sorrells
Robin L. Krumholt
John L. Dugas
of Counsel

Sarah Romero
Administrator

*Board Certified in Civil Trial Advocacy
National Board of Trial Advocacy

January 19, 2006

Brock Slabach, Administrator
Field Memorial Community Hospital
P.O. Box 639
Centerville, MS 39631-0639

Re:   ~~Gloria~~ *Olivia* J. Harden
      DOB: 08/14/1942
      SS#: 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

Dear Mr. Slabach:

Our firm has been contacted by your former patient, Olivia J. Harden, in regard to an incident which occurred at your facility on June 24, 2005.

It is our understanding, which appears to be confirmed by the medical records, that Mrs. Harden, who was faint and was "blacking out" was taken to a room in the ER, placed sitting on a gurney, and then left alone. Mrs. Harden "blacked out" again, fell, and broke her jaw and sustained other injuries, some of which have required her to be treated by an ENT in McComb.

We would be most appreciative if you could verify our understanding of what occurred. If the facts are as we believe them to be, it is our belief that your facility would be responsible to Mrs. Harden for any damage sustained by her in the fall.

Enclosed please find a HIPPA Authorization signed by Olivia Harden allowing us to obtain such information.

We look forward to hearing from you or your insurer in this matter.

With kind regards, I am

Very truly yours,

MOORE, WALTERS, THOMPSON,
THOMAS, PAPILLION & CULLENS, APLC

Charles R. Moore

CRM/rlk
Enclosure
cc: Olivia Harden

Exhibit "B"

# A I G | DOMESTIC CLAIMS INC

A DIVISION OF AIG TECHNICAL SERVICES, INC

HEALTHCARE MALPRACTICE CLAIMS DEPARTMENT
1200 Abernathy Road, 8th Floor
Atlanta, GA 30328
Tel. (770) 671-2430
Fax (770) 399-4055

CHARLES MOORE

FEB 2 1 2006

**RECEIVED**

Lisa Kario
Claims Analyst
Lisa.Kario@aig.com

February 17, 2006

Mr. Charles Moore, Esquire
Moore, Walters, Thompson
6513 Perkins Road
Baton Rouge, LA 70808

RE:   Insured: Field Memorial Hospital
      Your Client: Olivia Harden
      Our Claim Number: 394-12428

Dear Mr. Moore:

It was nice speaking with you the other day. As discussed, I will be looking into this matter. Please send a demand package for our review delineating your theory of liability.

Please note Field Memorial has a $25,000 self insured retention.

If you have any questions in the interim  please do not hesitate to call me.

Very truly yours,

Lisa Kario
Claims Analyst

> CRM
> PNB
> Calender
> File
> Route to

Exhibit "C"



MOORE, WALTERS, THOMPSON,
THOMAS, PAPILLION & CULLENS
A PROFESSIONAL LAW CORPORATION

6513 Perkins Road · Baton Rouge, Louisiana 70808
phone 225/766-1100 · fax 225/767-4486
www.mwtlaw.net · email. firm@mwtlaw.net

May 26, 2006

Charles R. Moore*
Edward J. Walters, Jr.*
Steven C. Thompson
David Abboud Thomas
Darrel J. Papillion
J.E. Cullens, Jr.
S. Layne Lee
Patrick N. Broyles

Charles R. Davoli
Michelle M. Sorrells
Robin L. Krumholt
John L. Dugas
of Counsel

Sarah Romero
Administrator

*Board Certified in Civil Trial Advocacy
National Board of Trial Advocacy

Ms. Lisa Kario
AIG Technical Services
1200 Abernathy Road NE, 8th floor
Atlanta, GA 30328

Re:   Olivia Harden

Dear Ms. Kario:

We have forwarded this file to Albert Bozeman White, Albert Bozeman White, PLLC, 204 Key Drive, Suite A, Madison, MS 39110, 601-856-573, to file suit.

In an attempt to have Mrs. Harden's damages evaluated we had her seen by Dr. Grady Hornsby in Baton Rouge. His initial report is attached. We are working with Mrs. Harden to get her to a dentist to fix her dentures.

We have also had this file reviewed by a former hospital risk manager who has identified multiple breaches of the standard of care. I would also like to point out that the Joint Commission on Accreditation of Health Care Organizations has identified falls in hospitals as one particular area of concern and has published multiple references designed to reduce the number of falls, many of which were breaches by your facility.

We look forward to working with you to resolve this matter and would welcome your suggestions as to how we can reach a resolution which would keep your defense costs to a minimum.

With kind regards, we are

Very truly yours,

MOORE, WALTERS, THOMPSON,
THOMAS, PAPILLION & CULLENS, APLC

Charles R. Moore

CRM/rlk
Enclosures
cc: Al White

Exhibit "D" comprising 3 pages

TOSLEY M. TOWNS, D.D.S.
*Diplomate*
*American Board of Oral*
*and Maxillofacial Surgery*

C. GRADY HORNSBY JR., D.D.S.
*Diplomate*
*American Board of Oral*
*and Maxillofacial Surgery*

R. LEO REGAN, D.D.S.
*Diplomate*
*American Board of Oral*
*and Maxillofacial Surgery*

M.C. CASADABAN, D.D.S., M.D.

CHARLES MOORE

MAY 0 2 2006

RECEIVED

SCANNED

**DOCTORS TOWNS, HORNSBY & REGAN, INC.**

*A DENTAL CORPORATION*

5227 FLANDERS DRIVE
BATON ROUGE, LOUISIANA 70808

*Practice Limited to*
*Oral and*
*Maxillofacial Surgery*

PHONE 225-769-3600

April 4, 2006

Moore, Walters, Thompson,
Thomas, Papillion, & Cullens, APLC
6513 Perkins Road
Baton Rouge, LA 70808

Re : Evaluation of Olivia J. Harden

The aforementioned patient is a 64-year-old black female referred to me for evaluation. I saw the patient in my office on 03/07/2006. The patient states she fell from a gurney approximately three months ago at Centerville Memorial Hospital, which is Field Memorial Hospital. Ms. Harden states she was placed on a gurney in an ER room and left alone. She then passed out and fell, fracturing her nose and causing her upper denture to be pushed up into her soft tissue, cutting and causing a great deal of bleeding. She was also told that she had broken a bone where the denture struck in the maxillary area. She still has numbness in the area of the left upper from pressure on the infraorbital nerve. The patient also has pain in the left corner of her mouth and in front of the left ear. Ms. Harden indicated that after she fell, she suffered a stroke on the same day.

On exam, the patient had distraction pain in the left jaw joint area, pain with manipulation of the soft tissue in front of the left ear over the left jaw joint area. The patient also had pain upon palpation in the left vestibule, but no sharp edges were felt. Ms. Harden describes a numb feeling in the left upper lip and also has pain the left occipital area of the skull.

My recommendation at this time is to refer the patient to a general dentist or a prosthodontist to remake her denture. I feel that, if we can re-establish her bite, it may relieve some of the pain in the left jaw joint area. If her condition does not improve, she could be evaluated further for possible articular disc displacement, but I think we could best be served by trying to make her comfortable with a denture first. I don't see any need for treatment at the present time for the numbness in the upper lip or soreness in the left vestibule because this is going to be an ongoing problem due to the nerve damage suffered from the denture jabbing into the left infraorbital nerve area.

I would also recommend an ENT to check the patient's nose and airway because I don't think anyone has been following her for the nasal fracture and any airway problems. A neurologist should also be called in to evaluate the headaches and pain in the occipital area. An MRI of the area may be necessary to make sure there are no residual problems.

**DOCTORS TOWNS & HORNSBY, INC.**

I will evaluate the patient for a couple of months after her denture is replaced, but at present, there is nothing I can do to treat her. I feel that the recommendations I have made will help her quite a bit and also help you to get a better foundation to evaluate the exact extent of her injuries and whether they can be treated or if it is something the patient will have to live with.

Thank you,

Charles G. Hornsby, D.D.S.
Oral and Maxillofacial Surgeon

CGH/tas



**MOORE, WALTERS, THOMPSON,
THOMAS, PAPILLION & CULLENS**
A PROFESSIONAL LAW CORPORATION

*6513 Perkins Road • Baton Rouge, Louisiana 70808
phone 225/766-1100 • fax 225/767-4486
www.mwtlaw.net • email firm@mwtlaw.net*

June 5, 2006

Charles R. Moore*
Edward J. Walters, Jr *
Steven C Thompson
David Abboud Thomas
Darrel J. Papillion
J E. Cullens, Jr
S  Layne Lee
Patrick N  Broyles

Charles R  Davoli
Michelle M. Sorrells
Robin L Krumholt
John L  Dugas
*of Counsel*

Sarah Romero
*Administrator*

*Board Certified in Civil Trial Advocacy
National Board of Trial Advocacy*

VIA E-MAIL

Ms. Lisa Kario
Claims Analyst
AIG Technical Services
1200 Abernathy Road NE, 8th floor
Atlanta, GA 30328

Re:     Olivia Harden
        AIG Claim Number: 394-12428

Dear Ms. Kario:

On May 31, 2006, Dr. Ross DeNicola of Baton Rouge fitted Mrs. Harden for a new pair of dentures. This was done pursuant to the recommendation of Dr. Grady Hornsby. A copy of Dr. Hornsby's initial report including this recommendation was sent to you on May 26, 2006.

The cost of replacing the dentures is $2400.00. A copy of the invoice is enclosed with this letter. We would like to know if AIG will be paying the dentist directly for Mrs. Harden's new dentures or if AIG will reimburse us the cost. Please let us know how you would like to proceed for payment of the dentures.

We look forward to working with you to resolve this matter and would welcome your suggestions as to how we can reach a resolution which would keep your defense costs to a minimum. Al White, our co-counsel in Mississippi will be calling you sometime in the near future to discuss this matter with you.

With kind regards, we are

Very truly yours,

**MOORE, WALTERS, THOMPSON,
THOMAS, PAPILLION & CULLENS, APLC**

Exhibit "E"

Charles R. Moore

CRM/rlk