```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                       WESTERN DIVISION

OLIVIA HARDEN                                          PLAINTIFF

VERSUS                         CIVIL ACTION NO. 5:06cv158-DCB-JMR

FIELD MEMORIAL COMMUNITY HOSPITAL,
QUORUM HEALTH RESOURCES, LLC, and
JOHN DOES                                             DEFENDANTS
```

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the plaintiff's Motion to Remand [**docket entry no. 5**], Field Memorial Community Hospital's Motion to Dismiss [**docket entry no. 9**], the plaintiff's Motion to Dismiss [**docket entry no. 12**], and the plaintiff's Response to the Court's Order to Show Cause [**docket entry no. 17**]. Having reviewed the Motions, briefs, applicable statutory and case law and being otherwise fully advised as to the premises, the Court finds and orders as follows:

## FACTS

This medical malpractice action was filed by Olivia Harden against Field Memorial Community Hospital in the Circuit Court of Wilkinson County, Mississippi on August 18, 2006. The state court complaint was amended on August 29, 2006 to add Quorum Health Resources, LLC as a defendant. Harden is a resident of Wilkinson County, Mississippi. Field Memorial is a county owned community hospital located in Wilkinson County. Quorum Health is a Tennessee Limited Liability Company with its principle place of business in

-1-

Plano, Texas.  Inasmuch as Field Memorial is a governmental entity of Wilkinson County, Mississippi, the notice requirements of Mississippi Code Section 11-46-11 apply to any tort action filed against it.[1]

On November 22, 2006, the defendants removed this action to the United States District Court for the Southern District of Mississippi, Western Division.  The defendants claim that Field Memorial was improperly joined because there is "no reasonable basis for the district court to predict that the plaintiff might be able to recover against" Field Memorial.  Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004).  The defendants argue that the plaintiff has no possibility of recovering from Field Memorial because (1) the plaintiff's action against Field Memorial is barred by the applicable one-year statute of limitations, and (2) the plaintiff allegedly failed to comply with the notice requirement of Section 11-46-11 as interpreted by South Central

---

[1]The Mississippi Tort Claims Act requires a plaintiff to provide the following information when submitting a notice of claim to a defendant protected by the MTCA:

    (1)   the circumstances which brought about the injury;
    (2)   the extent of the injury;
    (3)   the time and place the injury occurred;
    (4)   the names of all persons known to be involved;
    (5)   the amount of money damages sought;
    (6)   the residence of the person making the claim at the time of the injury; and
    (7)   the claimant's residence at the time of filing the notice.

Miss. Code Ann. § 11-46-11.

Regional Medical Center v. Guffy, 930 So. 2d 1252, ¶ 20 (Miss. 2006) (requiring dismissal where plaintiff's MTCA notice did not contain information about each of the "seven required categories" of the MTCA notice statute).  Specifically, the defendants argue that "it is undisputed that the claimant's notice of claim wholly failed to include three items required by statute: (1) the amount of damages sought, (2) the claimant's residence at the time of the injury, and (3) the claimant's residence at the time of the notice being filed."  (Mem. Resp. to M. to Remand, 4.)

On December 21, 2006, the plaintiff filed her Motion to Remand [docket entry no. 5], wherein the plaintiff argued that (1) the defendants' removal was untimely, see 28 U.S.C. § 1446(b), and (2) the plaintiff has a reasonable basis for recovery against the in-state defendant.  Quorum responded on January 8, 2007 [docket entry no. 7], and argued that the removal was timely because the notice of removal was filed within thirty days of its receipt of an "other paper" which first showed the action to be removable.[2]  See 28 U.S.C. § 1446.  On January 23, 2007, the Court entered an Order to Show Cause [docket entry no. 8], wherein the Court ordered the plaintiff to show how Guffy was distinguishable from the case at

---

[2] Specifically, Quorum asserts that since the complaint failed to contain an ad damnum clause, Quorum's first indication that the action was removable came when it received the plaintiff's responses to its requests for admission.

bar.[3]  On February 26, 2007, Field Memorial filed a Motion to Dismiss [docket entry no. 9].  On March 5, 2007,[4] Harden filed a Motion to Dismiss [docket entry no. 12], in which she seeks to dismiss Quorum, the non-resident defendant, from the suit.  Quorum joined in the plaintiff's motion.

**I.   Priority of Motions**

The first issue confronting the Court is which motion should be ruled on first.  Harden has filed both a Motion to Remand and a Motion to Dismiss, while Field Memorial has filed its own Motion to Dismiss.  The plaintiff urges that her Motion to Dismiss Quorum Health (the non-resident defendant) should be ruled on first and granted, thereby destroying diversity jurisdiction and requiring remand. (Pl. M. to Dismiss, 2.)  Field Memorial, however, opposes Harden's motion.  Field Memorial asserts that the plaintiff's Motion to Dismiss cannot be addressed until the Court determines that it has subject matter jurisdiction over this action.  (Field Memorial's Resp. M. to Dismiss, 3.)  In other words, Field Memorial argues that the Court must rule on the plaintiff's Motion to Remand before it can accept the plaintiff's dismissal of Quorum.

---

[3]Although the plaintiff was ordered to respond to the Order to Show Cause by February 6, 2007, she did not respond until March 26, 2007.

[4]Harden attempted to file this motion in paper form rather than through the Electronic Case Filing System.  The Court received the motion via U.S. Postal Service on March 1, 2007.  This attempted filing was rejected by the Court on March 2, 2007, and Harden was instructed to file the motion electronically.

This lawsuit emanates from the alleged malpractice committed by the emergency room staff of Field Memorial. The original state court complaint listed Field Memorial as the sole defendant. In the early stages of discovery, Harden amended her state court complaint to include Quorum. Harden asserts that she added Quorum because at that time it was unclear whether Field Memorial or Quorum controlled (and would therefore be vicariously liable for) the emergency room staff. Through subsequent discovery requests, Harden obtained a copy of the Management Advisory Services Agreement which was entered into between Field Memorial and Quorum. In the management agreement, Field Memorial "retained the authority and responsibility for the long-term and day-to-day management of the business of the Hospital, and that all medical and professional matters are [Field Memorial's] sole responsibility." (Plaintiff's M. to Dismiss, at 2.) In light of the management agreement, Harden determined that her "cause of action is against the hospital only, and Quorum should not be a party to this matter"; accordingly, Harden filed her current motion to dismiss, and Quorum joined in the motion. Id.

Harden's position must be considered together with Federal Rule of Civil Procedure 41. This rule provides for the voluntary dismissal of claims both with and without an order of the district court. Rule 41(a)(1) states that "an action may be dismissed by the plaintiff **without order of court** (i) by filing a notice of

dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action." Rule 41(a)(1), which grants the plaintiff an "absolute right"[5] to dismiss a claim, should not be confused with Rule 41(a)(2), which states, "Except as provided in paragraph (1) . . . an action **shall not** be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems appropriate."

Harden is correct in her assertion that if her Motion to Dismiss had been brought pursuant to Rule 41(a)(1), the claim against Quorum would be dismissed and this action would be remanded. Where the plaintiff's absolute right to dismiss a claim under Rule 41(a)(1) is implicated, "voluntary dismissal . . . may precede any analysis of subject matter jurisdiction because it is self-executing and moots all pending motions, obviating the need for the district court to exercise its jurisdiction." Univ. S. Ala. v. The American Tobacco Co., 168 F.3d 405, 409 (11th Cir. 1999) (citing Nix v. Fulton Lodge No. 2 of the Int'l Ass'n of Machinists, 452 F.2d 794, 797-98 (5th Cir. 1971).[6] Where Rule

---

[5] Carter v. United States, 547 F.2d 258, 259 (5th Cir. 1977).

[6] See also Crook v. WMC Mortg. Corp., 2006 WL 2873439, *1 (N.D. Ill. Oct. 5, 2006) ("[T]he absolute right to voluntary dismissal under Rule 41(a)(1)(i) obtains even where a challenge has been raised to a district court's subject matter jurisdiction.").

41(a)(2) is involved, however, the Court must consider the issue of subject matter jurisdiction before ruling on the plaintiff's motion to dismiss.[7]  See Shortt v. Richlands Mall associates, Inc., 922 F.2d 836, *4 (4th Cir. 1990) (reversing district court dismissal under Rule 41(a)(2) before first determining whether it had subject matter jurisdiction over the controversy), cited in Walter Kidde Portable Equip., Inc. v. Universal Sec. Inst., Inc., --- F.3d --- 2007 WL 624363, *10 (Fed. Cir. March 2, 2007).

Harden's Motion to Dismiss does not fall within Rule 41(a)(1); therefore, the absolute right to dismissal is not implicated. First, Rule 41(a)(1)(i) does not apply because Quorum answered the complaint in state court before removing the action.  Second, Rule 41(a)(1)(ii) is inapplicable because Field Memorial has refused to stipulate to Quorum's dismissal.  Accordingly, the plaintiff's motion must be construed under Rule 41(a)(2); thus, the Court is bound to first determine whether it has subject matter jurisdiction over this action.

## II. Motion to Remand

The defendants assert in their Notice of Removal [docket entry

---

[7]This distinction keeps with the longstanding jurisprudential maxim that "jurisdictional questions must ordinarily precede merits determinations in dipositional order." Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp., --- U.S. ---, --- S. Ct. ---, 2007 WL 632763, *7 (March 5, 2007).  Here, Harden's Motion to Dismiss seeks to dismiss Quorum with prejudice.  Ordinarily, dismissals with prejudice are considered to be judgments on the merits.  See Heaton v. Monogram Credit Card Bank of Georgia, 231 F.3d 994, 1000 (5th Cir. 2000).

no. 1] that the in-state defendant, Field Memorial, was fraudulently joined in the state court action; therefore, the Court should dismiss Field Memorial and retain jurisdiction over this matter. The defendants argue that in light of Guffy,[8] Harden has no possibility of recovery against Field Memorial because Harden allegedly submitted a defective MTCA Notice of Claim to Field Memorial. The plaintiff maintains that this case should be remanded because (1) the removal was filed untimely, and (2) Guffy is distinguishable from the case at bar.

    A.   Timeliness of Removal

Removal is a statutory right, and as such, its procedural requirements must be construed strictly in favor of state court jurisdiction. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09, 61 S. Ct. 868, 872, 85 L. Ed. 1214 (1941); McManus v. Glassman's Wynnefield, Inc., 710 F. Supp. 1043, 1045 (E.D. Pa. 1989). District courts have no power to overlook procedural errors relating to the notice of removal; instead, a district court must remand a case which was removed pursuant to a procedurally defective notice. Shamrock Oil & Gas, 313 U.S. at 108-09; Foster v. Chesapeake Ins. Co., Ltd., 933 F.2d 1207, 1215 (3d Cir. 1991). The burden is on the defendant to prove that the procedural requirements for removal are met. Medical College of Wisconsin

---

[8]S. Central Reg. Med. Ctr. v. Guffy, 930 So. 2d 1252 (Miss. 2006).

Faculty Physicians & Surgeons v. Pitsch, 776 F. Supp. 437, 439 (E.D. Wis. 1991).

Section 1446(b) of Title 28 of the United States Code governs the time-period for removal.[9] As the Fifth Circuit has explained, Section 1446(b) governs two distinct scenarios: (1) where the suit is removable based on the face of the initial pleading,[10] and (2) where the "case stated by the initial pleading is not removable."[11] Since the initial state court complaint in this action only listed Field Memorial as a defendant, the Court must analyze the timeliness of removal under the second paragraph of § 1446(b).[12]

---

[9]
> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief . . . .
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable . . . .

28 U.S.C. § 1446(b).

[10]The time period for cases removable on the complaint's face is governed by the first paragraph of Section 1446(b).

[11]The time period for cases **not** removable on the complaint's face is governed by the second paragraph of Section 1446(b).

[12]Chapman v. Powermatic, Inc., 969 F.2d 160 (5th Cir. 1992), governs cases which are removal based on the initial pleading. An action is said to be originally removable when the original pleading "affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." Chapman, 969 F.2d at 163. Thus, Chapman governs the removability of actions which are removable under §

Assuming that diversity of citizenship exists between the parties,[13] the thirty-day period for removal begins to run when the defendants receive the amended pleading **only if** that amended pleading makes it unequivocally clear and certain that the plaintiff is seeking damages in excess of the jurisdictional amount. If the amended pleading **does not** unequivocally reveal that the plaintiff is seeking more than $75,000.00 in damages, the thirty-day time period begins to run **only** when the defendant has received a copy of an amended pleading, motion, order, or other paper "from which it would be 'unequivocally clear and certain' . . . that the amount in controversy [is] met and the case [is] removable under federal diversity jurisdiction." Bosky v. Kroger Tex., L.P., 288 F.3d 208, 212 (5th Cir. 2002).

Thus, in this case, there are three possible scenarios concerning the running of the applicable thirty-day time period for removal, either: (1) the thirty-day period began to run when the

---

1446(b)'s first paragraph while Bosky governs actions which become removable at a later time, i.e., under § 1446(b)'s second paragraph.

Although the "affirmatively reveals" language of Chapman has been applied to an amended complaint, see Brandon v. Toyota Motor Corp., 240 F. Supp. 2d 604, 606-07 (S.D. Miss. 2002), the Court questions whether such application runs afoul of Bosky. Since the allegations contained in the amended complaint and original complaint are virtually identical, however, the ultimate outcome would be the same under both the Bosky and Chapman standards. The substantive allegations in the original complaint do not "affirmatively reveal" that the plaintiff was seeking more than $75,000.00 at the time of filing.

[13]Subject matter jurisdiction is discussed *infra*, II.B.

amended complaint was received by the defendants, (2) the thirty-day period began to run when the defendants received the plaintiff's responses to the defendants' requests for admission, or (3) the thirty-day period has yet to begin.[14]  If the amended complaint was sufficient to establish that, at the time of the defendant's receipt, the plaintiff was seeking more than $75,000.00, the time for removal would have begun on August 29, 2006, *ergo* the removal would be untimely.  If the amended complaint did not make it unequivocally clear and certain that the plaintiff was seeking more than $75,000.00, the Court must consider whether the plaintiff's responses to the defendants' requests for admission constitute a sufficient "other paper" within the meaning of the second paragraph of § 1446(b).  The threshold inquiry, therefore, is whether the amended complaint made it unequivocally clear and certain that the plaintiff was claiming more than $75,000.00 in damages.

       1.   <u>Did Harden's Amended Complaint Unequivocally establish that She Was Seeking More than $75,000.00?</u>

---

[14]The Court notes that the plaintiff's arguments tend to contradict one another.  On the one hand, Harden argues that the amended complaint "clearly contemplated damages well in excess of $75,000"; therefore, the defendants should have removed the action within thirty days of receiving the amended complaint.  (Pl. Mem. Auth. in support of M. to Remand, 4-5.)  On the other hand, the plaintiff has most recently argued to the Court that the thirty-day period has yet to trigger removal because "Quorom has not been informed in an unequivocal manner by pleading or other paper that Plaintiff is seeking more that [sic] $75,000.00."  (Pl. Reply to O. to Show Cause, 4.)

The amended complaint, which first joined the diverse defendant Quorum, was filed in state court on August 29, 2006. Because this case is a medical malpractice action governed by Mississippi law, the plaintiff was prohibited from including an ad damnum clause in her complaint. See Miss. Code Ann. § 11-1-59.

The plaintiff alleges in her Amended Complaint that she fainted while on a gurney in Field Memorial Hospital's emergency room. Harden further claims that she suffered a fractured jaw and nose, contusions, and lacerations due to the emergency room staff's failure to raise the gurney's "pull-up" railing. In light of Mississippi case law, the Court cannot say that the facts alleged in the amended complaint unequivocally established that the plaintiff was seeking more than $75,000.00. See Hynum v. Smith, 447 So. 2d 1288 (Miss. 1984) (upholding $35,000.00 jury award and denying additur for plaintiff who suffered shattered kneecap, broken jaw and nose, several facial lacerations, miscarriage of her five and one-half month old fetus, and incurred $12,590.45 in medical bills); Renfroe v. Berryhill, 910 So. 2d 624 (Miss. Ct. App. 2005) (affirming circuit court's refusal to award additur and upholding $20,000 jury award for plaintiff's "rather severely" broken ankle).

> 2. Whether Harden's November 3, 2006 Responses to the Defendants' Requests for Admission Constitute an "Other Paper" under § 1446(b)?

On October 3, 2006, the defendant served the plaintiff with

several similar requests for admission, one of which states, "Please admit that you will not seek damages . . . in excess of $75,000.00." On November 3, 2006, the plaintiff responded to each request as follows:

> Although Plaintiff and her attorney have made reasonable efforts and inquiry to fully assess her damages, Plaintiff and her attorney do not presently have all of the information necessary for Plaintiff to admit or deny this Request. At such time as Plaintiff is able to obtain sufficient information to admit or deny this Request, Plaintiff will supplement this answer by admitting or denying this Request. Further, Plaintiff states that pursuant to the Complaint and Amended Complaint filed in this matter, Plaintiff is seeking damages pursuant to M.C.A. Section 11-1-59, and the amount of damages sought has not be specified pursuant to that statute; and Plaintiff by not specifying an amount of damages sought, does not in any way intend to limit Plaintiff's right to seek damages within the jurisdictional limit of the Circuit Court of Wilkinson County.

(Resp. M. Remand, Ex. B.)

On November 21, 2006, eighteen days after receiving this response, the defendants filed their Notice of Removal. The plaintiff's November 3, 2006 response is significant: If the response made it "unequivocally clear and certain" that the plaintiff was seeking more than $75,000.00, the action was properly removed; however, if the plaintiff's response did not unequivocally and clearly establish that the plaintiff was seeking more than $75,000.00, removal jurisdiction has yet to be triggered and this action must be remanded.

The utilization of state court discovery procedures by

-13-

removing defendants to carry their removal burden of proof is a longstanding practice in this district. The policy of accepting state court discovery promotes judicial efficiency by eliminating the need for filing premature "protective" removals. Nevertheless, for a response to a request for admission to be considered an "other paper" within the meaning of § 1446(b), the information contained in the response supporting removal must be "unequivocally clear and certain." Bosky, 288 F.3d at 212 (5th Cir. 2002).

In her response, the plaintiff neither admitted nor denied that she was seeking more than $75,000.00; however, she also refused to limit her damages. Harden further asserted that she would supplement her response "[a]t such time as Plaintiff is able to obtain sufficient information to admit or deny th[e] requests [for admission]. (Resp. M. Remand, Ex. B.)

The plaintiff seeks damages for her past, present, and future pain and suffering, loss of enjoyment of life, disabilities, disfigurement, and medical treatment. Although the plaintiff's discovery responses are vague and indefinite, her failure to admit or deny the requests for admission, coupled with her refusal to limit her damages as well as with her demand for multifold relief, make it unequivocally clear and certain that she intended to seek more than $75,000.00.

Moreover, the plaintiff made clear in her Memorandum of Authorities in support of her Motion to Remand based upon untimely

removal that she intends to seek more than $75,000.00. (Pl. Mem. Auth. M. Remand, 4.) Yet, Harden also claimed that she would supplement her responses when she determined whether she would seek more than $75,000.00. Harden has not done so. Such conduct makes it apparent that the plaintiff is juggling jurisdictional issues in an attempt to defeat federal removal jurisdiction.[15]

The plaintiff's evasive response to the defendants' requests for admission, combined with the plaintiff's manifestation of her intent to seek over $75,000.00, is tantamount to a denial of the defendants' requests for admission. Thus, the plaintiff's responses constitute an "other paper," and this action was properly removed.

B.  Improper Joinder

The removing party bears the burden of establishing that the non-diverse defendant was fraudulently or improperly joined. Carriere v. Sears, Roebuck & Co., 893 F.2d 98, 100 (5th Cir. 1990). When deciding the question of improper joinder, the Court must view "all disputed questions of fact and all ambiguities in the controlling state law . . . in favor of the nonremoving party." Id. Travis v. Irby, 326 F.3d 644 (5th Cir. 2003), instructs that a district court may "pierce the pleadings" and consider summary-

---

[15] Further, the Court notes that the plaintiff's statement of her intent to seek more than $75,000.00 would be an "other paper" within the meaning of § 1446's second paragraph. Thus, even if this case was remanded, it would immediately be re-removed on that basis.

judgment type evidence to determine whether a party has been improperly joined. Ultimately, "[t]he burden of persuasion on those who claim fraudulent joinder is a heavy one." Travis, 326 F.3d at 649.

The Fifth Circuit has recognized two ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 572 (5th Cir. 2004). Under Smallwood's second prong, which is implicated in this case, the Court should employ a "Rule 12(b)(6)-type analysis." Also, "a summary inquiry is appropriate . . . to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." Smallwood, 385 F.3d at 573-74. For the removing party to sustain its burden of proving improper joinder, it must show "that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." Id. at 573.

Quorum asserts that Harden has no possibility of recovering against Field Memorial, the in-state defendant, under Mississippi law. This argument centers around Harden's deficient MTCA notice, which failed to give notice of "(1) the amount of damages sought, (2) the claimant's residence at the time of the injury, and (3) the

claimant's residence at the time of the notice being filed." (Mem. Resp. to M. to Remand, 4.)

The most recent pronouncement of the Mississippi Supreme Court regarding the MTCA notice requirement came in South Central Regional Medical Center v. Guffy, 930 So. 2d 1252 (Miss. 2006). MTCA plaintiffs are burdened with the duty of substantially complying with the written notice requirements of Mississippi Code Section 11-46-11(2), which states:

> Every notice of claim required by subsection (1) of this section shall be in writing, and shall be delivered in person or by registered or certified United States mail. **Every notice** of claim **shall** contain a short and plain statement of facts upon which the claim is based, including [1] the circumstances which brought about the injury, [2] the extent of the injury, [3] the time and place the injury occurred, [4] the names of all persons known to be involved, [5] the amount of money damages sought and [6] the residence of the person making the claim at the time of the injury and at the time of filing the notice.

In Guffy, the court distinguished between "substantial compliance" and "non-compliance." As the term substantial compliance connotes, "the notice need not disclose every single fact, figure and detail, but rather the substantial details." Guffy, 930 So. 2d at 1258. However, "[w]ith respect to the seven required categories of information, the failure to provide any one of the seven categories is failure to comply." Id. Moreover, "the failure to provide any of the seven statutorily required categories of information falls short of the statutory requirement and amounts to non-compliance with Miss. Code Ann. § 11-46-11(2)." Id. (emphasis in

-17-

original).  The Mississippi Supreme Court could not be clearer: If a plaintiff's MTCA notice fails to disclose information regarding one of the required categories, the notice is deficient, and the suit must be dismissed.

It is undisputed in this case that Harden's MTCA notice contained no information regarding the amount of damages sought or her residence at the time of injury or filing.  Accordingly, this Court is *Erie* bound to agree with Quorum's assertion that the plaintiff has no possibility of recovering against Field Memorial. As such, Field Memorial was improperly joined and must be dismissed.  Thus, diversity jurisdiction is present in this matter.[16]

**III. Plaintiff's Motion to Dismiss Quorum**

Harden has moved to voluntarily dismiss Quorum with prejudice. As previously mentioned, Harden stated in her Motion to Dismiss Quorum that her "cause of action is against the hospital only, and Quorum should not be a party to this matter." (Plaintiff's M. to Dismiss, at 2.)  Moreover, Quorum joined in Harden's dismissal. Typically, Rule 41(a)(2) motions to dismiss should be granted unless a defendant shows that it will suffer some plain legal prejudice as a result of the dismissal.  Manshack v. Southwestern

---

[16]The plaintiff does not challenge whether the amount in controversy requirement of 28 U.S.C. § 1332 is met.  Nevertheless, the Court is satisfied that the amount in controversy is greater than $75,000.00.

Elec. Power Co., 915 F.2d 172, 174 (5th Cir. 1990).  Inasmuch as Quorum has joined in the plaintiff's motion to dismiss, Harden's Motion to Dismiss Quorum should be granted.

## CONCLUSION

When presented with multiple dispositive motions, the Court must first determine that it has jurisdiction before rendering a decision on the merits.  Inasmuch as the plaintiff has no reasonable possibility of recovery against the in-state defendant, said defendant was improperly joined and must be dismissed.  Since the plaintiff seeks voluntary dismissal of her claims and the remaining defendant does not object, the plaintiff's motion should be granted.  Accordingly,

IT IS HEREBY ORDERED that the plaintiff's Motion to Remand [**docket entry no. 5**] is **DENIED**.

IT IS FURTHER ORDERED that Field Memorial Community Hospital's Motion to Dismiss [**docket entry no. 9**] is **MOOT**.

IT IS FURTHER ORDERED that the plaintiff's Motion to Dismiss [**docket entry no. 12**] is **GRANTED**.

SO ORDERED, this the   17th   day of April, 2007.


                                           s/ David Bramlette
                                     UNITED STATES DISTRICT JUDGE